REQUESTED BY: Dear Senator:
You have requested the opinion of this office regarding the constitutionality of the concept contained in LB 843. Our research into that question has not disclosed a constitutional defect in the proposed legislation. As you have indicated in your letter, however, LB 843 would have a very broad impact upon law enforcement activities of other state law enforcement agencies within this state. Although section 5 of LB 843 provides an exception for `hot pursuit' situations there are numerous other law enforcement activities otherwise thought to be legitimate which would be prohibited by this legislation. For example, suppose a crime was committed in Kansas and the suspect fled to Nebraska where he was arrested. LB 843 would prohibit a Kansas law enforcement officer from entering Nebraska for the purpose of questioning the suspect. LB 843 appears also to prohibit the questioning in Nebraska of any witness to a crime by law enforcement officers from another state. Further, the broad language of LB 843 would appear to prohibit cooperative law enforcement activities in Nebraska between Nebraska officers and officers from another state. The extent of such impact upon law enforcement cannot at this point be known. Certainly there are other legitimate law enforcement activities which may also be prohibited by LB 843. The possibilities are too numerous to list and it is impossible to conceive of all situations upon which this bill may have an impact.
You have asked if there is any way in which the bill could be narrowed so as not to have an adverse impact upon legitimate law enforcement activities while preserving the intent of the bill. It is our understanding that the purpose of this legislation was to prohibit the surveillance of the liquor stores in Nebraska by Iowa law enforcement officers. As we have stated the bill unquestionably is far broader than that intent. LB 843 could be narrowed in numerous ways. The problem which must be dealt with however, in narrowing the scope of the legislation is in doing so without using improper classifications which constitute a constitutional violation. In other words, classifications may only be created by the Legislature where real differences exist.
You have indicated that the intent of this bill is to outlaw `near entrapment processes' from being used in this state by our neighboring states. Entrapment is legally defined as an act by law enforcement officers which induces
a person to commit a crime which he had not otherwise contemplated for the purpose of instituting a criminal prosecution against him. Black's Law Dictionary, Fourth Edition 1968. We are not sure how far it is intended that this bill go; however we would be willing to discuss possible changes with you at your convenience.